Eastern District of Kentucky
F I L E D

MAY 0 2 2018

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| HMP AUTOMOTIVE CONSULTANTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE PROPERTY GROUP, LLC, and ANTHONY PIERCE,<br><br>Defendants. | NO. 5:17-CV-226-KKC<br><br>MEMORANDUM OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff HMP Automotive Consultants, LLC's motion for an entry of default and for default judgment against Defendants Pierce Property Group, Llc and Anthony Pierce. (DE 20.) For the reasons set forth below, the Court orders Defendants to show cause why default should not be entered within seven days. If Defendants do not show cause, the Clerk of the Court is directed to enter their default. HMP's motion for default judgment is denied with leave to refile.

**I. Procedural Background**

HMP initiated this breach of contract matter in Fayette Circuit Court on February 24, 2017. (Compl., DE 1-1.) Defendants removed this matter to this Court on May 17, 2017, (DE 1), and filed their answer to the Plaintiff's complaint the same day, (DE 3). The Court entered a Scheduling Order, requiring the parties to complete all fact discovery on or before January 31, 2018. (DE 10 ¶ 1.)

HMP alleges that the Defendants have failed to respond to discovery requests. HMP served its First Set of Requests for Admission, Interrogatories, and Requests for Production

1

of Documents on Defendants on September 29, 2017. (DE 14.) HMP claims that Defendants served their response to the requests for admission on HMP on November 14, 2017, the agreed deadline for a response, but failed to respond to the remainder of the requests.

That same day, Pierce Property's counsel moved to withdraw because Pierce Property "failed or refused to timely or adequately communicate and cooperate with undersigned counsel, and have not paid any legal fees or costs for services rendered." (DE 16.) The Court granted this motion and ordered Pierce Property to retain replacement counsel within thirty days. It also directed Pierce to file a notice with the Court within thirty days if he intended to proceed *pro se*. (DE 17.) New counsel has not appeared on behalf of either Pierce Property or Pierce, and Pierce has not filed a notice that he will proceed *pro se*. HMP states that, as of the date of their motion, they had not received any further discovery from the Defendants. Nor have the Defendants responded to HMP's motion for entry of default and default judgment.

## II. Analysis

The clerk of the court must enter the default of a party when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed R. Civ. P. 55(a). Default judgment must be entered "on the plaintiff's request, with an affidavit showing the amount due . . . against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person" if the amount is for a sum certain. Fed R. Civ. P. 55(b)(1). Where the defaulting party has appeared, the plaintiff "must apply to the court for a default judgment" and "that party or its representative must be served with written notice of the application at least 7 days before the hearing" on the default judgment. Fed R. Civ. P. 55(b)(2). Default judgment may also be entered as a sanction for not obeying a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C).

*A. Entry of default*

Entry of default against Pierce Property is warranted because the corporate entity has been unrepresented by counsel since its original counsel was permitted to withdraw in November 2017. Pierce Property was ordered by the Court to retain replacement counsel by December 18, 2017 and has failed to do so. Entry of default is appropriate both under Rule 55(a) for failure to defend this action and under Rule 16(f) as a sanction. It is well settled "that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829 (1824)). Pierce Property has therefore "failed to . . . otherwise defend" this action by not retaining licensed counsel. Fed. R. Civ. P. 55(a); *see Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.*, No. 3:14-1929, 2017 WL 4411054, at *5 (M.D. Tenn. July 28, 2017), *report and recommendation adopted*, No. 3:14-CV-1929, 2017 WL 4351069 (M.D. Tenn. Oct 2, 2017) (holding a corporate defendant had failed to "otherwise defend," warranting entry of default, by not retaining counsel); *Dow Corning Corp. v. Jie Xiao*, No. 11-10008, 2013 WL 4039371, at *6 (E.D. Mich. Aug. 7, 2013) (same). Moreover, Pierce Property's failure to retain counsel defied this Court's previous Order, warranting entry of default as a sanction under Rule 16(f)(1)(c).

Pierce similarly failed to comply with the Court's previous order that he file a notice if he intends to proceed *pro se* by December 18, 2017. Pierce has also not had counsel appear on his behalf. Pierce's failure to comply with HMP's discovery requests further evinces his intent not to defend this action. *See, e.g., Ndabishuriye v. Albert Schweitzer Soc'y, USA, Inc.*, 136 F. App'x 795, 802 (6th Cir. 2005) (affirming default judgment for failure to participate in discovery). Accordingly, Pierce's failure to defend this action and his noncompliance with

3

Court orders warrants entry of default as a sanction under Rule 16(f)(1)(c) and for otherwise failing to defend under Rule 55(a).

Pierce Property and Pierce have both appeared in this litigation. Accordingly, to protect their interests, the Court will delay issuance of the entry of default and permit the Defendants seven days to show cause why default should not be entered.

*B. Default judgment*

Issuance of a default judgment is a two-step process. *See Sheppard Claims Svc., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) ("[E]ntry of default is just the first procedural step on the road to obtaining a default judgment . . . ."). Default judgment cannot be entered until the clerk has entered the Defendants' default. Moreover, HMP has not submitted an affidavit showing the amount due, if for a sum certain, or otherwise requested a hearing for the court to determine the amount of damages. Fed. R. Civ. P. 55(b). Accordingly, while entry of default is appropriate, default judgment is not yet warranted.

### III. Conclusion

For the reasons set forth above, the Court **HEREBY ORDERS**:

(1) Plaintiff's motion for entry of default and default judgment (DE 20) is **GRANTED IN PART** and **DENIED IN PART**;

(2) Defendant's Pierce Property Group, Llc and Anthony Pierce shall **SHOW CAUSE** why default should not entered within seven days from the date of this Order;

(3) if Defendant's fail to show cause, the Clerk of the Court is **DIRECTED** to enter their default. Upon entry of default, the Plaintiff may reapply to the Court for a default judgment, providing affidavits or documentation as is appropriate.

May 2, 2018

Karen K. Caldwell
U.S. District Judge

4